UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HARDIE, *et al.*,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS SERVICING LP,

    Defendant.

Case No. C08-1286RSL

ORDER DENYING MOTION TO REMAND

    This matter comes before the Court on plaintiffs' motion to remand this case to King County Superior Court. By order dated December 8, 2008, the Court denied plaintiffs' motion to remand the entire case and requested supplemental briefing on plaintiffs' alternate request that the Court remand their claim for an injunction under Washington's Consumer Protection Act ("CPA"). Plaintiffs contended that the Court should remand their request for an injunction under the CPA because they lack standing to pursue that relief in federal court, and the claim could be time barred if they had to refile it in state court. The Court requested supplemental briefing regarding (1) the statute of limitations for a request for an injunction under the CPA, and (2) whether federal adjudication of the request for an injunction would result in forfeiture of that claim such that it should be remanded pursuant to *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1006-07 (9th Cir. 2001).

ORDER DENYING MOTION TO REMAND

In *Lee*, the Ninth Circuit left open the question of whether it is proper to remand a nonjusticiable state-law claim. The court suggested that where a plaintiff "might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." Lee, 260 F.3d at 1006-07. However, where dismissal of claims in federal court "provides no obstacle to [plaintiffs] refiling them in state court" viable state-law claims generally need not be remanded. Id. at 1006.

In this case, as defendant noted in its supplemental briefing, plaintiffs are not in danger of forfeiting their CPA claim. The Court will adjudicate that claim. Rather, they are concerned that the running of the statute of limitations could bar them from obtaining one form of relief – an injunction – if they have to refile the claim in state court. The *Lee* case, however, did not address that situation. Nor have plaintiffs cited any authority to support their position that the Court should remand a portion of a claim to preserve a remedy. Furthermore, if the Court were to remand the request for an injunction, this Court and King County Superior Court would simultaneously consider plaintiffs' CPA claim. Doing so would waste judicial resources, lead to inconsistent results, and prejudice defendant.

Moreover, plaintiffs have not provided any relevant authority to show that their request for an injunction would be time barred if dismissed and refiled.[1] Instead, it appears that the statute of limitations is tolled during the pendency of this action. If the Court were to dismiss the request for an injunction, it appears that plaintiffs could refile the claim.[2]

---

[1] Rather, plaintiffs have cited out of district authority that is not persuasive in this circumstance.

[2] Because of the tolling of the statute of limitations, the Court need not decide the applicable statute of limitations at this time.

ORDER DENYING MOTION TO REMAND            -2-

For all of the foregoing reasons, plaintiffs' motion to remand (Dkt. # 16) is DENIED.

Dated this 28th day of January, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO REMAND -3-