1

2

**08-CV-01286-APPR**

3

4

5

6

7 UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

8 AT SEATTLE

9

ROBERT AND BEVERLY HARDIE, on

10 behalf of themselves and others similarly    Case No. 08-1286RSL
situated,

11                                              ORDER PRELIMINARILY
                                Plaintiffs,     APPROVING SETTLEMENT,

12                                              PROVISIONALLY CERTIFYING
        v.                                      CLASS FOR SETTLEMENT

13                                              PURPOSES, AND SETTING
COUNTRYWIDE HOME LOANS                          REASONABLENESS HEARING

14 SERVICING, L.P.

15                              Defendant.

16

17

        Upon consideration of the Parties' Settlement Agreement dated April 8, 2010 (the

18

"Settlement Agreement") IT IS HEREBY ORDERED AS FOLLOWS:

19

        1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by

20

reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless

21

otherwise defined herein, have the same meaning as in the Settlement Agreement.

22

        2.      Solely for the purpose of settlement in accordance with the Settlement

23

Agreement, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil

24

Procedure, this Court hereby provisionally approves the following settlement class

25

("Settlement Class"):

26

ORDER PRELIMINARILY                             1
APPROVING SETTLEMENT

All persons who, during the period from July 27, 2002 to April 8, 2010, paid a Recording Fee and/or a Substitution Fee to Defendant in connection with a Loan secured by real property located in the State of Washington.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.     For settlement purposes only, and subject to further consideration at the Court Approval Hearing described in paragraph 12 below, the Settlement Class is provisionally found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).  In connection with the certification, the Court makes the following preliminary findings:

(a)     Rule 23(a)(1) is satisfied because the Class appears to be so numerous that joinder of all members is impracticable;

(b)     Rule 23(a)(2) is satisfied because there appear to be questions of law or fact common to the above-described Class;

(c)     Rule 23(a)(3) is satisfied because the claims of the named plaintiffs appear to be typical of the claims being resolved through the proposed Settlement;

(d)     Rule 23(a)(4) is satisfied because the proposed class representatives appear to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement and because Class Counsel appear to be qualified, competent and capable of prosecuting this action on behalf of the Class.  Adequacy of representation therefore is satisfied.

(e)     For purposes of determining whether the Settlement is fair, adequate and reasonable, the Court finds the requirements of Rule 23(b)(3) have been satisfied because common questions of law and fact appear to predominate over questions affecting only individual Class Members and because settlement with the above-described Plaintiff Settlement Class appears to be superior to other available methods for the fair and efficient

ORDER PRELIMINARILY                                        2
APPROVING SETTLEMENT

resolution of the claims of the Class. Accordingly, the Class appears to be sufficiently cohesive to warrant adjudication through settlement by representation.

4.    For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Representative Plaintiffs are conditionally designated as representatives of the Settlement Class and Class Counsel are conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

Rob Williamson
WILLIAMSON & WILLIAMS
187 Parfitt Way S.W., Ste. 25
Bainbridge Island, Washington  98110
(206) 780-4447

Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Avenue
Seattle, Washington 98122
(206) 441-5444

5.    Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 12 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.    Pursuant to the terms of the Settlement Agreement, Defendant is hereby directed to prepare the Class Member List. Within forty-five (45) days of the date of this Order, and pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the Settlement Administrator to provide notice of the Settlement and of the Court Approval Hearing to each Class Member on the Class Member List by mailing to the address for the Class Member on the Class Member List a copy of the Class Notice, substantially in

ORDER PRELIMINARILY                                   3
APPROVING SETTLEMENT

the form attached to the Settlement Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit C. Before mailing, the Settlement Administrator shall fill-in all applicable dates and deadlines in the Class Notice and Claim Form to confirm with the dates and deadlines specified for such events in this Order.  The Settlement Administrator shall also have discretion to format the Class Notice and Claim Form in a reasonable manner before mailing to minimize mailing or administration costs.

7.      If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator shall re-mail the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the returned mail.  If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall have no other obligation to re-mail the Class Notice and Claim Form, except as otherwise provided in the Settlement Agreement.

8.      The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.  That plan is approved and accepted.  This Court further finds that the Class Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement.  Counsel should correct the typographical error that appears in Section D of the Class Notice, which refers to "Section below" without indicating a specific section.  That provision should note that copies of the motion for attorney's fees will be available from Plaintiffs' Counsel as set forth in Section IX below.  With that change, the Class Notice and Claim Form are hereby approved and adopted.  This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

ORDER PRELIMINARILY                           4
APPROVING SETTLEMENT

9.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail or hand-deliver a request for exclusion ("Opt-Out") to the Settlement Administrator postmarked no later than **September 10, 2010.** For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class Member's full name, address and telephone number; (b) contain the property address which secured the Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature(s) or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement.  In those cases where a Class Member includes persons who were obligors on the same Loan, the Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors as to that Loan elect to and validly opt-out in accordance with this Order and the terms of the Agreement.  Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement and the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in paragraphs 4.01 and 4.02 of the Settlement Agreement, and any Final Judgment entered in the Action.  Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

10.     As least five days before the Court Approval Hearing, Class Counsel, Counsel for the Defendant, and the Settlement Administrator shall create and file with the Court under seal a comprehensive list which will include full names and addresses of Successful Opt-Outs.

ORDER PRELIMINARILY
APPROVING SETTLEMENT

5

The list shall be maintained by this Court and the Clerk under seal in order to protect the privacy interests of those persons identified thereon.

11.      Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement, in whole or in part, must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court, and contemporaneously mail or hand-deliver it to Class Counsel and Counsel for the Defendant, no later than **September 10, 2010.** To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) and (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Loan in connection with which a Recording Fee and/or Substitution Fee was paid by the Class Member; (c) contain the Class Member's personal and original signature(s) or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the Objection; and (f) provide copies of any evidence or documents that the Class Member wishes to submit in support of his/her objection(s). Any Class Member who does not submit a timely and valid Objection in complete accordance with this Order, the Class Notice and the Settlement Agreement may not be treated as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid may not be considered by this Court.

12.      Within ten (10) business days of this Order, Defendant shall mail a copy of this Order to the appropriate officials as required by 28 U.S.C. § 1715(b). All filings, objections, statements, or other submissions by any party or government entity noticed pursuant to 28 U.S.C. § 1715, or that claims an entitlement to have been noticed under 28 U.S.C. § 1715, shall be filed with the Court, and contemporaneously mailed or hand-delivered to Class

Counsel and Counsel for the Defendant, no later than 20 days before the date of the Court Approval Hearing.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned at **8:30 a.m. on September 30, 2010** in the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom 15106, Seattle, Washington, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amount of the award to be awarded to Plaintiff for his service as class representative, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Memoranda in support of the Settlement, applications for an Attorney Fee Award, applications for a Litigation Cost Award, and applications for a Representative Plaintiff Award to Representative Plaintiff shall be filed with the Court no later than seven (7) days before the Court Approval Hearing.

15.     Any Class Member, as well as any party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715), who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendant, on or before **September**

ORDER PRELIMINARILY                                7
APPROVING SETTLEMENT

**10, 2010.** No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise. Further, except by leave of Court, no party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715) shall be permitted to raise matters at the Court Approval Hearing that the party or government entity could have raised in a statement or other submission, but failed to raise.

16.     Any Class Member who wishes to intervene in the Action must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendant, an appropriate motion, together with all supporting documents, on or before **September 10, 2010.**

17.     The postmark deadline for the submission of Valid Claim Forms shall be **November 15, 2010.** The validity of Claim Forms otherwise shall be governed by the terms stated in the Settlement Agreement.

18.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

19.     Defendant and Counsel for the Defendant are hereby authorized: (a) to establish the means necessary to administer the Settlement; and (b) to retain a settlement administrator to assist in effectuating the terms of, and administering, the Settlement. This Court hereby authorizes and appoints Tilghman & Co. to serve as Settlement Administrator in the Action as requested by the parties.

20.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

21.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith

ORDER PRELIMINARILY                              8
APPROVING SETTLEMENT

shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.  This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in these Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have.  Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

22. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by the Defendant, which vigorously denies all of the claims and allegations raised in the Action.

23. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendant and without future to notice to the Class Members.

24. Except as set forth in this Order and the Settlement Agreement, the Parties (and Plaintiffs' Counsel and Counsel for the Defendant) shall not issue or cause to be issued any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release, advertisements, Internet postings, or any other means or media, without prior approval of the Court and/or the express written consent of the other Party.

ORDER PRELIMINARILY
APPROVING SETTLEMENT

9

1   25.   Plaintiffs' Counsel must submit a proposed Final Approval Order at least five
2   days prior the Court Approval Hearing.

3
4   DATED this 24ᵗʰ day of May, 2010.
5
6
7
8   _____
    Robert S. Lasnik
9   United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER PRELIMINARILY                    10
APPROVING SETTLEMENT