Honorable Robert S. Lasnik



**08-CV-01286-DISCL**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT AND BEVERLY HARDIE, on
behalf of themselves and others similarly
situated,

         Plaintiffs,

   v.

COUNTRYWIDE HOME LOANS
SERVICING, L.P.

         Defendant.

No. C 08-cv-1286RSL

FINAL ORDER AND JUDGMENT
APPROVING SETTLEMENT,
CERTIFYING SETTLEMENT CLASS,
AND DISMISSING ACTION

This matter having come before the Court on September 30, 2010, upon the Motion of plaintiffs Robert and Beverly Hardie (the "Hardies" or "Representative Plaintiffs"), individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated April 8, 2010 (the "Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and the submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT   Case No. 08-cv-1286

1.     The Settlement Agreement (attached hereto as Exhibit A) is hereby incorporated by reference into this Final Order and Judgment Approving Settlement, Certifying Settlement Class, and Dismissing Action ("Order"), and is hereby adopted by this Court. Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Agreement.

2.     For settlement purposes only, the Settlement Class, as that term is defined in Paragraph 1.36 of the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3.     Solely for the purpose of the Settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby finally certifies the following Settlement Class:

> All persons who, during the period from July 27, 2002 to April 8, 2010, paid a Recording Fee and/or a Substitution Fee to Defendant in connection with a Loan secured by real property located in the State of Washington.

If, for any reason, the Settlement does not become effective, this certification shall be null and void, and shall not be used or referred to for any purpose in the Action or any other action or proceeding.

4.     The Court appoints Representative Plaintiffs as representatives of the Settlement Class, and finds that they meet the requirements of Fed. R. Civ. P. 23.

5.     The Court appoints the following lawyers as counsel to the Settlement Class, and finds that these counsel meet the requirements of Fed. R. Civ. P. 23:

Rob Williamson
WILLIAMSON & WILLIAMS
187 Parfitt Way S.W., Ste. 25
Bainbridge Island, Washington 98110
(206) 780-4447

Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Avenue
Seattle, Washington 98122
(206) 441-5444

FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT     Case No. 08-cv-1286

6.      As set forth in the Class Notice, this Court convened the Court Approval Hearing at 8:30 a.m. on September 30, 2010, in Courtroom 15106 of the United States District Court for the Western District of Washington.

7.      Pursuant to Fed. R. Civ. P. 23(e), the Settlement of the Action, as embodied in the terms of the Settlement Agreement and the Modification, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by them.

8.      The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members.  The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.

9.      After due consideration of Representative Plaintiffs' likelihood of success at trial; the range of Representative Plaintiffs' possible recovery; the complexity, expense, and duration of the litigation; the lack of any specific opposition to the Settlement; the reaction of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiffs and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Settlement Class.  Accordingly, the Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.  To the extent the document filed with the Court by

1  Sharol Diane Turner on August 27, 2010 is considered as an objection to the Settlement, the
2  objection is overruled.

3      10.    Upon consideration of Class Counsel's application for attorneys' fees and
4  litigation costs, the aggregate amount of the Attorney Fee Award is hereby fixed at One
5  Hundred Two Thousand, Five Hundred, and 00/100 Dollars ($ 102,500.00).  This aggregate
6  award covers, without limitation, any and all claims for attorneys' fees and litigation costs
7  incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to
8  represent) Representative Plaintiffs or Class Members (or any of them), and (c)
9  Representative Plaintiffs or the Class Members (or any of them) in connection with or related
10 to any matter in the Action, the Settlement, the administration of the Settlement, and any of
11 the matters or claims within the scope of the Release, as embodied in paragraphs 4.01 and
12 4.02 of the Agreement.

13     11.    Upon consideration of Representative Plaintiffs' application for an award to
14 Representative Plaintiff, the amount of the Representative Plaintiffs Award is hereby fixed at
15 Five Thousand and 00/100 Dollars ($ 5,000.00).

16     12.    In accordance with the Agreement, and to effectuate the Settlement, Defendant
17 shall cause:

18         (a)    the Benefit Checks to be provided to Class Members who timely
19 submit a Valid Claim Form in accordance with the terms of the Agreement;

20         (b)    the aggregate Attorney Fee Award made in Paragraph 10 above to be
21 disbursed to Class Counsel in accordance with the terms of the Agreement;

22         (c)    the Representative Plaintiffs Award made in Paragraph 11 above to be
23 disbursed to Class Counsel in accordance with the terms of the Agreement; and

24         (d)    the Settlement Administration Costs, to be paid to the Settlement
25 Administrator in accordance with the terms of the Agreement.

26

13.     The Action and all claims against Countrywide Home Loans Servicing, L.P.
are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this
Judgment to that effect in the Action. The judgment shall be without costs to any Party.

14.     Representative Plaintiffs, Plaintiffs' Counsel and each Class Member (except
those who are Successful Opt-Outs and appear on a list that is on file with the Court under
seal to protect the privacy of those persons, which list is incorporated herein and made a part
hereof) shall be forever bound by this Order and the Agreement including the Release and
covenants not to sue set forth in paragraphs 4.01 and 4.02 of the Agreement providing as
follows:

> 4.01    Upon Final Approval, and in consideration of the promises and covenants
> set forth in this Agreement, (i) Representative Plaintiffs and each Class Member
> who is not a Successful Opt-Out, and each of their respective spouses, children,
> executors, representatives, guardians, wards, heirs, estates, successors,
> predecessors, next friends, joint tenants, tenants in common, tenants by the
> entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys,
> agents and assigns, and all those who claim through them or who assert claims (or
> could assert claims) on their behalf (including the government in the capacity as
> *parens patriae* or on behalf of creditors or estates of the releasees), and each of
> them (collectively and individually, the "Releasing Persons"), and (ii) Class
> Counsel and each of their past and present law firms, partners, or other employers,
> employees, agents, representatives, successors, or assigns (the "Counsel Releasing
> Parties") will be deemed to have completely released and forever discharged the
> Released Persons from any and all past, present and future claims, counterclaims,
> lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions,
> causes of action, obligations, or liabilities of any and every kind, including
> without limitation (i) those known or unknown or capable of being known, and
> (ii) those which are unknown but might be discovered or discoverable based upon
> facts other than or different from those facts known or believed at this time,
> including facts in the possession of and concealed by any Released Person, and
> (iii) those accrued, unaccrued, matured or not matured, all from the beginning of
> the world until today (collectively, the "Released Rights"), that arise out of in any
> way relate or pertain to (a) Released Rights that were asserted, or attempted to be
> asserted, or could have been asserted in the Action; (b) the charging and/or
> collection of all and/or any portion of a Substitution Fee; (c) the charging and/or
> collection of all and/or any portion of a Substitution Fee, and/or any portion of a
> Recording Fee for and/or associated with the costs to record a substitution of
> trustee document or other similar document, in an amount in excess of the sums
> secured by the security instrument given by a Class Member as part of the Loan;
> (d) written and oral disclosures, representations, omissions, acts, conduct, or
> statements concerning Substitution Fees; (e) written and oral disclosures,
> representations, omissions, acts, conduct or statements concerning whether all
> and/or any portion of a Recording Fee included amounts for and/or associated
> with the costs to record a substitution of trustee document or other similar

document; (f) the claims asserted or that could have been asserted in the Action; and/or (g) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(g) above.  This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.
4.02  Representative Plaintiffs and each of the Releasing Persons and Counsel Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraph 4.01, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Paragraph 4.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

15.     The Release set forth in paragraph 14 above and in the Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, other proceedings maintained by or on behalf of Representative Plaintiffs, Class Members (except the Successful Opt-Outs) and/or the Class Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

16.     Countrywide Home Loans Servicing, L.P. and any Released Person are hereby released and forever discharged by Representative Plaintiffs, Class Members (except the Successful Opt-Outs) and the Class Releasing Parties from all matters and claims within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

17.     Representative Plaintiffs, Plaintiffs' Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Countrywide Home Loans Servicing, L.P. or any Released Person any claim that was brought in the Action for which a release and covenant not to sue is being given under the Agreement.

18.     This Order, the Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents

FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT     Case No. 08-cv-1286

or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of Defendant whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Countrywide Home Loans Servicing, L.P. to enforce the Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Parties may, by mutual agreement and with the Court's approval, amend, modify or expand the provisions of the Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

20.     In the event that Final Approval is not achieved for any reason, then the Agreement, this Order, the certification of the Settlement Class and all other terms herein, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

21.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

22.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Agreement and/or this Order.

FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT     Case No. 08-cv-1286

Dated this 30 day of September, 2010.

Robert S. Lasnik
United States District Judge