The Hon. Robert S. Lasnik



08-CV-01286-INFO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT AND BEVERLY HARDIE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS SERVICING, L.P.,<br><br>Defendant. | NO. 08-cv-1286 RSL<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The Court, based on the facts of record, the submissions and argument of counsel, and being otherwise fully advised in the premises, hereby makes the following:

**FINDINGS OF FACT**

1. This case was filed on July 21, 2008 in King County, Washington Superior Court by the Plaintiffs, Robert and Beverly Hardie ("Plaintiffs" or "the Hardies"), as a putative class action to recover against Defendant Countrywide Home Loans Servicing, LP ("Defendant" or "Countrywide") for breach of contract, unjust enrichment, and violations of Washington's Consumer Protection Act, RCW Chapter 19.86.

2. Countrywide removed the matter to this Court on August 27, 2008.

3. Plaintiffs had a loan secured by a Deed of Trust on their residence that was serviced by Countrywide. Plaintiffs allege that when they paid off their loan, Countrywide charged them a fee to record a Substitution of Trustee form with the auditor of the county where their residence was located, and that this fee was not permitted to be charged by their Deed of Trust or any other loan document. Plaintiffs further alleged that this fee was not secured by the Deed of Trust, and that Countrywide required them to pay the fee before it would agree to reconvey the Deed of Trust, causing them to suffer money damages.

4. On September 18, 2008, Plaintiffs moved for leave to file an Amended Complaint to more specifically describe their claims. Countrywide opposed the motion. The motion was granted on October 24, 2008, and Plaintiffs filed their Amended Complaint on October 27, 2008.

5. On September 26, 2008, Plaintiffs filed a motion to remand the case to the King County Superior Court. Countrywide opposed the motion, and on December 8, 2008 and January 28, 2009, the Court entered separate orders denying the motion.

6. On February 23, 2009, Plaintiffs filed a motion for certification of a class under Fed. R. Civ. P. 23(b)(2) or 23(b)(3). Subsequent to the filing of this motion, the parties began settlement discussions, and the Plaintiffs agreed to continue the hearing on the motion pending the outcome of these discussions.

7. The parties engaged in active litigation of this matter.

8. On December 1, 2009, the parties mediated their claims before Judge Steve Scott (Ret.). The parties did not reach a settlement during the mediation.

9. Following the mediation and with the assistance of Judge Scott, the parties continued active settlement negotiations. These settlement negotiations resulted in a settlement in principle in or about early January 2010. The settlement in principle was expressly conditioned upon the negotiation and execution of a mutually agreeable written settlement agreement and related documents.

10. Over the course of approximately three and one-half months, the parties drafted and negotiated the Settlement Agreement and related documents. During this period, frequent additional negotiations were necessary over specific terms and language of the Settlement Agreement and related documents. The parties executed the original Settlement Agreement in late April, 2009.

11. Plaintiff moved for preliminary approval of the settlement. The Court granted preliminary approval of the Settlement Agreement on May 26, 2010. The Order certified a Class, for settlement purposes, of:

> All persons who, during the period from July 27, 2002 to the date of this Agreement, paid a Recording Fee and/or a Substitution Fee to CHLS in connection with a Loan secured by real property located in the State of Washington.

Plaintiffs were appointed as Representatives for the Settlement Class, and Rob Williamson of Williamson & Williams and Guy W. Beckett of Berry & Beckett Law Offices, PLLP were appointed Class Counsel.

12. Pursuant to the proposed settlement, Countrywide agreed to a Settlement Amount of $337,500, from which would be paid (1) Claims of Class Members; (2) Settlement Administration expenses; (3) Class Counsel's fees and expenses (up to an aggregate of $102,500); and (4) the Class Representative's incentive fee. Any portion of the $337,500 Settlement Amount

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3
(NO. 08-cv-1286-RSL)

not distributed for any of these categories will be paid to a non-profit organization selected by Countrywide which is reasonably acceptable to Class Counsel and the Plaintiff, and approved by the Court. Pursuant to the proposed Settlement, each Class Member who timely returns a properly completed Claim Form will receive a $6.00 payment from the Settlement Amount.

13.     Pursuant to the Settlement Agreement, the Settlement Administrator mailed notice of the proposed settlement to all 154,358 Class Members, at their updated addresses using the United States Postal Service address update service. 32,620 notices were returned to the Settlement Class Administrator, and of those returns, 394 envelopes had forwarding address information and notice was resent to the new address for those 394 notices. The remaining 32,226 returned notices were not remailed. The notices informed Class Members that Class Counsel would be seeking an award of up to $102,500 for attorney's fees and expenses.

14.     As of September 21, 2010, 6,389 valid and timely Claim Forms, representing 6,652 distinct loans, had been returned to the Settlement Administrator by Class Members.

15.     Forty-eight (48) Class Members, with sixty (60) loans, opted out of the proposed settlement. Only one Class Member timely filed a document that could potentially be construed as an objection to the proposed settlement. That document did not specifically object to the terms of the settlement, including the requested award of attorney's fees and expenses to Class Counsel. No specific objection to an award of compensation to the Plaintiff as Class Representative has been filed or served by any Class Member.

16.     The lodestar value of Class Counsel's time, billed at their regular rates, exceeded $130,000 as of September 23, 2010.

17. As of September 23, 2010, Class Counsel has advanced costs and expenses in the total amount of $ 1,475.94. This amount does not include Westlaw legal research charges that were incurred for this case by Berry & Beckett, PLLP and Williamson & Williams. To date, none of these costs and expenses has been reimbursed to Class Counsel.

18. Class Counsel undertook this action without participation by any other firm and were solely responsible for its outcome.

19. The Class Representatives, the Hardies, actively assisted with the prosecution of this lawsuit and completion of the Settlement Agreement.

20. The Court is satisfied that its knowledge of the proceedings, including discovery, motions to amend, to remand, for certification, for preliminary approval of the proposed settlement, and for final approval of the proposed settlement, and the briefing and argument related thereto, is adequate for purposes of considering the reasonableness of Class Counsel's fee request.

From the foregoing Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1. Class Counsel's petition for an award of attorney's fees and costs of $102,500.00, is reasonable and is approved.

2. This fee award satisfies the lodestar cross-check because it amounts to only about 79% of the lodestar amount of fees incurred by Class Counsel in prosecuting this case.

3. An award of $5,000 to the Class Representatives, Robert Hardie and Beverly Hardie, is fair and reasonable under the circumstances and is approved.

4.   After the attorney's fees and expenses, the Class Representatives' Incentive Fee, Settlement Administration expenses, and claims are paid to Class Members, the remainder of the Settlement Amount will be paid to a non-profit organization selected by Countrywide that is reasonably acceptable to Plaintiffs and Class Counsel. Countrywide should obtain Court approval before delivering any portion of the Settlement Amount to the *cy pres* recipient.

DATED this 30th day of September, 2010.

*/s/ Robert S. Lasnik*

The Honorable Robert S. Lasnik
United States District Court Judge

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6
(NO. 08-cv-1286-RSL)